■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARTHUR MASSEY, Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, dated June 30, 1970, which dismissed the writ. Judgment affirmed, without costs. No opinion. Munder, Acting P. J., Brennan and Benjamin, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment and remand the proceeding to the Special Term for a hearing, with the following memorandum, in which Gulotta, J., concurs: At the time relator pleaded guilty to the crime of rape in the second degree in the County Court, Westchester County, in February, 1966, he was advised as follows: " May I say to you that if you have previously been convicted of a crime, then under those circumstances, if that fact is shown to the Court, the Court may have to take that into consideration; are you aware of that? " The relator replied affirmatively. The issue before us is whether this admonition sufficiently complied with the requirements of section 335-c of the Code of Criminal Procedure (which was numbered 335-b at the time of relator's change of plea). That section requires the court, where the offense to which a plea is taken is one for which different or additional punishment is prescribed or authorized by reason of a previous conviction, to inform the defendant, before taking the plea of guilty, that if he had been so convicted he may be subject to such different or additional punishment. The admonition required by section 335-c is a procedural requirement necessitated by reasons of fundamental fairness. The failure to give the warning renders the ensuing conviction void (People ex rel. Colan v. La Vallee, 14 N Y 2d 83). While no precise form of words is necessary, the admonition must inform the defendant that a previous conviction will subject him to different or additional punishment. Hence, it has been held insufficient to merely inform a defendant that, if he has any previous felony convictions, he must be sentenced as a multiple felony offender (People ex rel. Johnson v. La Vallee, 18 N Y 2d

911). Similarly, the First Department has held that an admonition that "if you have a prior felony conviction which subjects you to multiple felony punishment, this court would be disinclined to impose consecutive sentences" was clearly insufficient and might have been understood as a promise of leniency (*People* v. *Pagliaccetti,* 31 A D 2d 150, 151; see, also, *People* v. *Fernandez,* 32 A D 2d 628). The admonition given relator in this case was deficient in two respects. It neither informed him that he was subject to different or additional punishment in the event he had previously been convicted of a felony nor that such additional punishment was mandatory. Indeed, the language used could well have been understood by relator to mean that the court had discretion with regard to the effect of a prior conviction upon the sentence to be imposed. The dismissal of the writ herein was based upon findings that this relator, 42 years old when he pled guilty, had a long criminal record, was familiar with criminal proceedings and was represented by able counsel. The deficiency in this reasoning is that, by its very nature, the warning is intended for the benefit of persons with criminal records who are, presumptively, familiar with criminal proceedings. To deny such persons the full benefit of the requisite admonition renders the statute meaningless. I would reverse and remand this proceeding for a hearing to determine relator's understanding of the effect of the County Court Judge's warning to him as was done in *People ex rel. Johnson* v. *La Vallee* (*supra*).